UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| YADI MARK, | CIVIL ACTION |
| --- | --- |
| Plaintiff | |
| VERSUS | NO. 16-455 |
| SUNSHINE PLAZA, INC. | SECTION: "E" (2) |
| Defendant | |

## ORDER AND REASONS

Before the Court is a motion for judgment on the pleadings[1] filed by Third-Party Defendant, Mesa Underwriters Specialty Insurance Co. ("MUSIC"). Defendant and Third-Party Plaintiff, Sunshine Plaza, Inc. ("Sunshine"), opposes this motion.[2] For the reasons that follow, the motion for judgment on the pleadings[3] is **GRANTED**.

## BACKGROUND

On January 19, 2016, Plaintiff, Yadi Mark, filed her complaint against Defendant, and Third-Party Plaintiff, Sunshine under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq* ("ADA").[4] According to her complaint, Ms. Mark alleges Sunshine owns and operates commercial property that does not comply with the regulatory requirements established under the ADA.[5] As a result of the alleged infractions, Ms. Mark seeks declaratory and injunctive relief, attorney's fees, and costs pursuant to Title III of the ADA.[6]

---

[1] R. Doc. 31.
[2] R. Doc. 32.
[3] R. Doc. 31.
[4] R. Doc. 1.
[5] *Id.* at 2-3.
[6] *Id.* at 1.

1

On July 18, 2016, Defendant, and Third-Party Plaintiff, Sunshine filed a Third-Party Complaint against MUSIC.[7] Sunshine alleges MUSIC is liable for defense and indemnity as a result of the insurance policy MUSIC provided to Sunshine.[8] Sunshine argues it notified MUSIC of the claims made by Ms. Mark in this matter, and demanded its defense, indemnity, and coverage for any damages as a result of claims alleged by Plaintiff but MUSIC denied coverage.[9] Sunshine alleges it has sustained expenses and damages for which MUSIC is liable, including without limitation all attorneys' fees, costs, interest, and penalties that may or must be assessed under Louisiana Revised Statutes section 22:1892 and/or section 22:1973.[10] In response, Third-Party Defendant, MUSIC, filed its motion for judgment on the pleadings[11] arguing Ms. Mark's claims fall outside the coverage of the policy[12] in question and that MUSIC has no obligation to defend or indemnify Sunshine against non-covered claims.[13] Sunshine opposes MUSIC's motion.[14]

Coverage A of the Policy extends to "sums that the insured becomes legally obligated to pay as damages" because of "bodily injury" or "property damage" "caused by an 'occurrence.'"[15] Coverage A excludes damage to Sunshine's own property.[16] Coverage

---

[7] R. Doc. 26.
[8] *Id.* at 2.
[9] *Id.*
[10] *Id.* at 2-3.
[11] R. Doc. 31.
[12] MUSIC issued two successive policies of commercial general liability insurance coverage to Sunshine. R. Doc. 31-1, at 2. In its Third-Party Complaint, Sunshine alleges the policy in question is Policy No. MP0017008000466. R. Doc. 26, at 2. As MUSIC explains in its memorandum in support of its motion for judgment on the pleadings, "Although Sunshine alleges that the claims are covered under Policy No. MP00017008000466, this contract was not issued until *after* this action was filed. It is therefore unclear whether Sunshine has sought or intends to seek coverage under the Policy No. MP00017008000242. Aside from the policy period, the Policies are substantively identical." R. Doc. 31-1, at 2 n.1. The Court will assume the Third-Party Plaintiff is pursuing coverage under Policy No. MP000178000242 (the "Policy") as this was the active policy during the time when the Ms. Mark filed her initial complaint.
[13] R. Doc. 31-1.
[14] R. Doc. 32.
[15] R. Doc. 31-2, at 25.
[16] R. Doc. 31-2, at 28.

B of the Policy encompasses "sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' . . ."[17]

The Policy defines "bodily injury" as "bodily injury sustained by a person, including death resulting from any of these at any time."[18] The term "property damage" means either "physical damage to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it" or "loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."[19] The term "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.[20] "Personal and advertising injury" is defined to include injuries arising out of seven specific acts of wrongful conduct:

> (a) false arrest, detention or imprisonment; (b) malicious prosecution; (c) the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; (d) oral or written publication, in any matter, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; (e) oral or written publication, in any matter, of material that violates a person's right or privacy; (f) the use of another's advertising idea in your "advertisement"; (g) infringing upon another's copyright, trade dress or slogan in your "advertisement."[21]

## **LEGAL STANDARD**

Rule 12(c) provides: "After the pleadings are closed but within such a time as to not delay the trial, any party may move for judgment on the pleadings."[22] "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts

---

[17] R. Doc. 31-2, at 30.
[18] R. Doc. 31-2, at 37; R. Doc. 31-3, at 37.
[19] R. Doc. 31-2, at 39; R. Doc. 31-3, at 39.
[20] *Id.*
[21] *Id.*
[22] FED. R. CIV. P. 12(c).

3

are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[23]

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as the standard for deciding a motion under Rule 12(b)(6).[24] Under Rule 12(b)(6), and thus under Rule 12(c), "[t]o avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[25] "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"[26] "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff."[27] "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[28]

## LAW AND ANALYSIS

### I. Duty to Defend

The parties agree Louisiana law applies.[29] "Under Louisiana law, '[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[30] "The Louisiana Civil Code provides that '[t]he judiciary's role in interpreting insurance contracts is to ascertain

---

[23] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Herbert Abstract Co. v. Touchstone Props., Ltd.* 914 F.2d 74, 76 (5th Cir. 1990)).
[24] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). *See also Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). *See also, Great Plains Trust Co.*, 313 F.3d at 312 ("[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.")
[25] *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[26] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[27] *Id.* (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)) (internal quotation marks omitted).
[28] *Id.* (citations and internal quotation marks omitted).
[29] *See* R. Doc. 26 (alleging damages under Louisiana Revised Statutes section 22:1892 and/or section 22:1973); R. Doc. 31-1, at 3 n.2 ("The policy was issued in Louisiana to a Louisiana insured and is therefore governed by Louisiana law.").
[30] *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014) (quoting *Mayo v. State farm Mut. Auto. Ins. Co.*, 2003-1801, p. 3 (La. 2/25/04); 869 So.2d 96, 99).

the common intent of the parties to the contract' by construing words and phrases 'using their plain, ordinary and generally prevailing meaning.'"[31]

"Insurance policies generally provide that the insurer has the right and, indeed, the duty to defend the insured."[32] As the Fifth Circuit has explained, "When the insurance policy clearly provides coverage for damages allegedly caused by the insured, the insurer is usually eager to defend the insured to limit its liabilities; difficulties arise when the insurer concludes there is no coverage."[33]

In *Wisznia*, the Fifth Circuit explained:

> Under Louisiana law, the insurer's duty to defend suits against its insured is broader than its liability for damage claims. Thus, Louisiana courts decide the scope of the insurer's duty to defend by comparing the insurance policy to the allegations in the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Under the "eight-corners rule," courts compare the four corners of the petition with the four corners of the insurance policy without resort to extrinsic evidence.
>
> In applying the eight-corners rule, ambiguous terms in the insurance policy are strictly construed against the insurer. Although the allegations in the petition are "liberally interpreted" in favor of the insured, it is well settled that the allegations of fact, and not conclusions, contained in the petition determine the obligation to defend.[34]

"When determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy's terms."[35] The duty to defend "arises whenever the pleadings against the insured disclose even a possibility of liability under the policy."[36] The insurer has a duty to defend unless the allegations in the

---

[31] *Id.*
[32] *Id.* at 449 (citing *Hartford Accident & Indem. Co. v. United Gen. Ins. Co.*, 855 F.2d 228, 231 (5th Cir. 1988)).
[33] *Id.* (internal citations omitted).
[34] *Id.* (internal citations and quotations omitted).
[35] *Doerr v. Mobil Oil Corp.*, 2000-0947 (La. 12/19/00), 774 So. 2d 119, 124.
[36] *Steptore v. Masco Const. Co.*, 93-2064 (La. 8/18/94), 643 So. 2d 1213, 1218. *See also United Nat'l Ins. Co. v. Paul and Mar's Inc.*, No. 10-799, 2010 WL 2690615, at *2 (E.D. La. July 11, 2011).

petition for damages, as applied to the policy, unambiguously preclude coverage.[37] "Once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside the policy's coverage."[38]

### A. Allegations of the Underlying Complaint

Ms. Mark filed suit against Sunshine seeking declaratory and injunctive relief, attorneys' fees, and costs pursuant to the ADA.[39] The Plaintiff's complaint alleges Sunshine is the "owner and lessor of the real properties and improvements which are subject of this action, to wit: a shopping center called the Sunshine Plaza generally located at 2980 Highway 190, Mandeville, Louisiana 70471" (the "Property").[40] The Property is alleged to be a place of public accommodation subject to regulation under the ADA.[41] Plaintiff alleges she is a qualified individual with a disability under the ADA[42] and that the Property is not accessible due to a number of "mobility-related architectural barriers" and other features that are non-compliant with ADA Regulations.[43]

### B. Whether the Complaint Alleges a Set of Facts that Would Fall Within the Policy's Coverage

As Defendant, and Third-Party Plaintiff, Sunshine explains, "There is no dispute that MUSIC issued the Policy to Sunshine Plaza, Inc. Nor is there any dispute over the terms of the Policy – just over how to interpret it."[44] Third Party Defendant, MUSIC, argues the Policy does not cover Ms. Mark's complaint against Sunshine.[45] Under the

---

[37] *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009).
[38] *Treadway v. Vaughn*, 633 So. 2d 626, 628 (La. Ct. App. 1993), *writ denied*, 635 So. 2d 233 (La. 1994).
[39] R. Doc. 1, at 1.
[40] *Id.* at 2 ¶ 8.
[41] *Id.* at 3, ¶ 13.
[42] *Id.* at 2, ¶ 4.
[43] *Id.* at 3-4, ¶ 21.
[44] R. Doc. 32, at 3.
[45] *See* R. Docs. 31, 41.

Policy, MUSIC is required to pay for damages that occur as a result of "bodily injury", "property damage" or "personal and advertising injury" as defined in the agreement.[46]

### i. Property Damage

The Policy specifies that it will apply, *inter alia*, "to 'bodily injury' and 'property damage' . . . caused by an 'occurrence' that takes place in the 'coverage territory' . . . during the policy period."[47] "Property damage" is defined as follows:

a. Physical injury to tangible property, including all resulting loss of use that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.[48]

"Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[49] In addition, the exclusion j(1) of the Policy bars coverage of "property damage" to property owned by Sunshine, including "any costs or expenses . . . for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to person or damage to another's property."[50]

Sunshine argues Ms. Mark alleges property damage in her complaint.[51] Sunshine maintains, "While an individual's actual interactions with discriminatory barriers has been found to be considered undoubtedly an injury, courts have additionally found that the ADA expressly contemplates loss of opportunity as an actionable injury."[52] Although

---

[46] *See* R. Doc. 31-2.
[47] *Id.* at 25.
[48] *Id.* at 39.
[49] *Id.*
[50] *Id.* at 28.
[51] R. Doc. 32, at 7.
[52] *Id.* (citing *Betancourt v. Federated Dep't Stores*, 732 F. Supp. 2d 693, 707 (W.D. Tex. 2010).

7

loss of opportunity is an actionably injury, with respect to Article III standing requirements,[53] in examining Ms. Mark's Complaint, it is clear there is no allegation of any property damage.[54] As MUSIC correctly identifies, "The only 'property' referenced in the Complaint is Sunshine's own premises."[55]

In addition, Sunshine argues the underlying suit is covered because there was an "occurrence."[56] Sunshine argues the Policy defines an "occurrence" as "an accident"[57] and therefore Sunshine is covered because its alleged noncompliance with the ADA was unintentional. Sunshine maintains, "Under no circumstance can it be argued that Sunshine Plaza, Inc., intended to cause harm to Yadi Mark, or prevent access to its property," and it believed the Property complied "with ADA standards as it was granted a Certificate of Occupancy by the Fire Marshal."[58]

"Louisiana courts interpret 'occurrence' to include 'an unforeseen and unexpected loss.'"[59] Federal courts have held ADA violations are not an "occurrence," because the conduct giving rise to liability – the failure to accommodate the disabled – is intentional, not some fortuitous circumstance.[60] As MUSIC correctly identifies:

> The harm allegedly sustained by Ms. Mark – the inability to access the property – is the expected and foreseeable consequence of Sunshine's alleged failure to operate an ADA-compliant facility. The statue and accompanying regulations exist to ensure that those with physical limitations will have full use of public accommodations. If Sunshine has failed to adhere to its obligations under these regulations, it was imminently

---

[53] *See, e.g., Betancourt*, 732 F. Supp. 2d at 707.
[54] *See* R. Doc. 1.
[55] R. Doc. 31-1, at 7.
[56] *See* R. Doc. 41, at 1-2.
[57] *Id.* at 2.
[58] *Id.* (arguing "Therefore, any 'defects Yadi Mark alleges in her Petition, is an 'accident' as defined by the terms of the policy.'").
[59] *Travelers Cas. & Sur. Co. of Am. V. Univ. Facilities, Inc.*, No. CIV.A. 10-1682, 2012 WL 1198611, at *4 (E.D. La. Apr. 10, 2012) (quoting *North Amer. Treat. Sys. V. Scottsdale Ins.*, 2005-0081 (La. App. 1 Cir. 8/23/06), 943 So. 2d 429, 444).
[60] *See, e.g., Allstate Ins. Co. v. Martin*, 34 F. Supp. 3d 955 (W.D. Ark. 2014);

foreseeable that those with disabilities would sustain the exact harms alleged by Ms. Mark in this lawsuit.[61]

Furthermore, as explained above, Ms. Mark does not allege any damage of property as defined by the Policy. As a result, after examining both the four corners of the Complaint and the Policy, it is clear that the claims against Sunshine is not covered under either definition of "property damage" as defined by the Policy.

### ii. Personal and Advertising Injury

The Policy specifies that it will apply, *inter alia*, "to 'personal and advertising injury; caused by an offense arising out of [Sunshine's] business but only if the offense was committed in the 'coverage territory' during the policy period."[62] "Personal and advertising injury" is defined to include injuries arising out of seven specific acts of wrongful conduct:

> (a) false arrest, detention or imprisonment; (b) malicious prosecution; (c) the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; (d) oral or written publication, in any matter, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; (e) oral or written publication, in any matter, of material that violates a person's right or privacy; (f) the use of another's advertising idea in your "advertisement"; (g) infringing upon another's copyright, trade dress or slogan in your "advertisement."[63]

In its opposition, Sunshine states it believes Ms. Mark alleges personal and advertising injury as defined by the Policy.[64] Sunshine provides no further explanation to substantiate this claim. Of the seven specific acts of wrongful conduct that fall under the policy coverage for "personal and advertising injury," only wrongful eviction seems to have any

---

[61] R. Doc. 31-3, at 8.
[62] R. Doc. 31-2, at 30.
[63] *Id.*
[64] R. Doc. 32, at 4.

9

possible connection to Ms. Mark's claims. As MUSIC correctly identifies, "Wrongful eviction requires 'actual impingement' of the plaintiff's 'possessory rights.'"[65] Ms. Mark does not allege a possessory interest in Sunshine's property.[66] Instead, Ms. Mark alleges the property in question violates federal regulations governing accessibility. As a result, after examining both the four corners of the Complaint and the Policy, it is clear that the claims against Sunshine are not claims for "personal and advertising injury" as defined by the Policy.

## II. Duty to Indemnify

An insurer's duty to indemnify, however, generally cannot be determined until after the underlying suit has been resolved and the insurer is found liable.[67] The duty to indemnify is "triggered by actual facts that establish liability in the underlying lawsuit."[68] As a result, courts have found the duty to indemnify is often not ripe when the underlying lawsuit has not yet been completed.[69] The exception to this general rule is that the duty to indemnify is justiciable before the insurer's liability is determined if "the insurer has no duty to defend and the same reasons that negate the duty to defend will likewise negate any possibility the insurer will ever have a duty to indemnify."[70]

---

[65] R. Doc. 35, at 3 (quoting *Regency Motors of Metairie, L.L.C. v. Hibernia-Rosenthal Ins. Agency, L.L.C.*, 03-1312 (La. App. 5 Cir. 2/23/04), 868 So. 2d 905, 909).
[66] *See* R. Doc. 1.
[67] *Allstate Ins. Co. v. Emp. Liab. Assurance Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971); *see also Corgeis Ins. Co. v. Sch. Bd. of Allen Parish*, No. 07-30844, 2008 WL 2325632, at *2–3 (5th Cir. June 6, 2008) ("[A]fter the district court concludes that the insurer has a duty to defend, the indemnity issue is nonjusticiable pending resolution of the liability suit."). Unlike the duty to defend, the duty to indemnify "is triggered by the actual facts that establish liability in the underlying lawsuit. *Guar. Nat'l Ins. Co. v. Azrock Indus. Inc.*, 211 F.3d 239, 243 (5th Cir. 2000), overruled on other grounds as recognized by *OneBeacon Ins. Co. v. Don's Bldg. Supply Inc.*, 553 F.3d 901, 903 (5th Cir. 2008) (per curiam).
[68] *Guar. Nat'l Ins. Co. v. Azrock Indus. Inc.*, 211 F.3d 239, 243 (5th Cir. 2000), overruled on other grounds as recognized by *OneBeacon Ins. Co. v. Don's Bldg. Supply Inc.*, 553 F.3d 901, 903 (5th Cir. 2008) (per curiam).
[69] *Travelers Cas. And Sur. Co. of America*, 2012 WL 1198611, at *11 (citing *Coregis Ins. Co. v. Sch. Bd. Of Allen Parish*, No. 07-30844, 2008 WL 2325632, at *2 (5th Cir. June 6, 2008) (applying Louisiana law)).
[70] *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004); *Med. Protective Co. v. Turner*, No. 15-0366, 2015 WL 3631701, at *4 (N.D. Tex. June 10, 2015).

With respect to the case currently before this Court, the Court finds it is clear that the same reasons that negate the duty to defend likewise negate any possibility MUSIC will ever have a duty to indemnify Sunshine for payments related to the claims alleged by Ms. Mark. Therefore, the Court finds MUSIC owes Sunshine no duty to indemnify.

## CONCLUSION

The Court finds it is unambiguously clear under the eight-corner rule that the Policy issued by MUSIC does not include coverage regarding Ms. Mark's claims against Sunshine for violations of the ADA. As a result, MUSIC owes no duty to defend. The Court also finds it is clear that the same reasons MUSIC has no duty to defend likewise negate any possibility MUSIC will ever have a duty to indemnify. As a result, the Court finds that Sunshine, Defendant and Third-Party Plaintiff, has not stated a claim for defense and indemnity upon which relief may be granted.[71]

For the foregoing reasons;

**IT IS ORDERED** that MUSIC's motion for judgment on the pleadings[72] is **GRANTED** and all claims against MUSIC are hereby **DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana, this 22nd day of November, 2016.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[71] Under Louisiana law, the duty to defend is broader than its liability for damage claims. *See e.g., Wisznia Co.*, 769 F.3d at 449. As the Court has found MUSIC owes no duty to defend in the case currently before this Court, the Court need not further address Sunshine's claims that MUSIC improperly denied coverage or the viability of Sunshine's claims against MUSIC under Louisiana Revised Statutes sections 22:1892 and 22:1973.

[72] R. Doc. 31.