YADI MARK                                                    CIVIL ACTION

VERSUS                                                        NO. 16-455

SUNSHINE PLAZA, INC.                              SECTION "E" (2)

## FINDINGS AND RECOMMENDATIONS

This is an action by plaintiff, Yadi Mark, against a commercial property owner asserting claims of failure to comply with the building accommodation requirements of the Americans With Disabilities Act ("ADA"). 42 U.S.C. § 12181 et seq. The substantive claims were resolved by the court's entry of a consent decree that was agreed upon by the parties. Record Doc. Nos. 67-2 and 68. The consent decree provides in pertinent part that "the Plaintiff is the prevailing party to this Lawsuit as defined under the [ADA], 42 U.S.C. § 12205." Record Doc. No. 67-2, at p. 6, ¶ 10.

As prevailing party, plaintiff filed her motion for an award of attorney's fees and costs, originally seeking $28,996.75 in attorney's fees and $4,935.23 in costs. Record Doc. No. 69-3 at p. 1. Defendant, Sunshine Plaza, Inc. ("Sunshine Plaza"), filed a timely memorandum in opposition to the motion, in which it concedes that plaintiff is the prevailing party for purposes of the ADA. Record Doc. No. 71 at p. 22. Defendant argues, however, that the costs and fees sought by plaintiff are "far out of proportion to the relief obtained by plaintiff and are emblematic of the distortion of the original purpose of the [ADA]." Id. at p. 1. The presiding district judge referred plaintiff's motion to me for

preparation of findings and recommendations as to the amounts to be awarded.   Record Doc. No. 72.

Having considered the written submissions of the parties, the record and the applicable law, I find and recommend that plaintiff's motion should be GRANTED IN PART AND DENIED IN PART, in that, while an award of attorney's fees and costs should be made, the amount of plaintiff's requested attorney's costs and fees should be reduced.

I.    PROCEDURAL BACKGROUND

Sunshine Plaza does not dispute plaintiff's entitlement to an award of reasonable attorney's fees; its opposition is based strictly on the amount of her request.   Record Doc. No. 71 at pp. 23-24.   Defendant's position accurately reflects the applicable law.   Plaintiff is indisputably the "prevailing party."   Id. at p. 23.   Under the ADA, an award of attorney's fees to the prevailing party is directed to the court's discretion.   "In any action . . . commenced pursuant to this chapter, the court . . . , in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."   42 U.S.C. § 12205 (emphasis added).   The court's discretion in this regard is substantially circumscribed, however, by binding precedent.

"To be entitled to an award of attorney's fees, plaintiffs must either receive an adjudicated judgment on the merits or persuade the defendant to enter into a consent judgment that provides for some sort of fee award."   Pamela S. Karlan, Disarming the Private Attorney General, 2003 U. Ill. L. Rev. 183, 207 (2003) (citing Buckhannon Bd. &

Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001);
Evans v. Jeff D., 475 U.S. 717, 742-43 (1986)).

The same "'considerations that govern fee-shifting under . . . 42 U.S.C. § 1988 apply to the ADA's fee-shifting provision, because the almost identical language in each indicates Congress's intent to enforce them similarly.'" Deutsh v. Jesus Becerra, Inc., 668 F. App'x 569, 570-71 (5th Cir. 2016) (quoting No Barriers, Inc. v. Brinker Chili's Tex., Inc., 262 F.3d 496, 498 (5th Cir. 2001)). The Fifth Circuit has "consistently acknowledged in civil rights cases" that "'a prevailing plaintiff . . . is presumptively entitled to reasonable attorney's fees, unless a showing of 'special circumstances' is made that would deem such an award unjust.'" Id. (quoting Dean v. Riser, 240 F.3d 505, 508 (5th Cir. 2001) (emphasis added).

As plaintiff rightly points out, courts have indicated that such requests "should not spawn major ancillary litigation." Record Doc. No. 69-3 at p. 7 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Assoc'd Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd., 919 F. 2d 374, 379 (5th Cir. 1990)). Contrary to this admonition, however, Mark's motion was initially supported by an unnecessarily lengthy 19-page memorandum; the affidavits of three of her attorneys who recorded work on this matter; the affidavits of two expert witnesses who performed inspections and prepared reports in connection with this matter; the contemporaneous time sheets describing the work done by plaintiff's attorneys; the expert report and final violations table prepared by plaintiff's

expert engineer Nicholas Heybeck; letters and emails between plaintiff's counsel and defense counsel concerning settlement possibilities; and invoices reflecting the costs expended on this litigation. Record Doc. Nos. 69-1 through 69-24. Defendant's opposition memorandum consisted of twenty-four (24) pages. Record Doc. No. 71.

Both sides agree that calculation of recoverable attorney's fees begins with the familiar lodestar evaluation, which involves multiplying the reasonable hourly rates of plaintiff's lawyers by the reasonable number of hours expended. Mark seeks to recover $28,996.75, including 53.5 hours for her more senior attorney at $275.00 per hour ($14,718.00); 12.6 hours for one of her junior attorneys at $150.00 per hour ($1,884.00); 77.5 hours for one and 7.4 hours for another junior attorney, both at $125.00 per hour ($9,687.50 and $927.50); and 23.7 hours for a paralegal at $75.00 per hour ($1,779.75).

Sunshine Plaza argues that the requested time should be reduced because plaintiff failed to exercise billing judgment on multiple clerical tasks, vague entries and vague interoffice conferences. Defendant also contends that excessive time was spent on the matter by plaintiff's higher billing, more senior attorney, when the lower rate of the more junior attorney or paralegal was sufficient to handle such a routine, largely uncontested lawsuit.

II.    STANDARDS FOR AN AWARD OF ATTORNEY'S FEES

As the parties agree in this case, the lodestar method is routinely used to determine attorney's fee awards in federal civil actions and applies in this case brought under a federal statute.  Under the lodestar method,

> [t]he determination of a fees award is a two-step process.  First the court calculates the "lodestar[,]" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.  The court should exclude all time that is excessive, duplicative, or inadequately documented.  Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted).

"The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account.  Such reconsideration is impermissible double-counting."  Heidtman v. Cnty. of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)); accord Perdue v. Kenny A., 559 U.S. 542, 546 (2010).

The Johnson factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of

the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the Johnson factors, complexity of the issues, results obtained and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount. Heidtman, 171 F.3d at 1043 (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986); Shipes, 987 F.2d at 319-22 & n.9). After Johnson was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. The Johnson factors are taken into account after the court has determined the lodestar amount. Walker v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (citing City of Burlington, 505 U.S. at 567).

The lodestar "is presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (citing City of Burlington, 505 U.S. at 562); accord Perdue, 559 U.S. at 546, 552; Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 490 (5th Cir. 2012); Jimenez, 621 F.3d at 380. Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorneys' qualifications and

skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted.  Hensley, 461 U.S. at 433; Wegner v. Std. Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995) (hereinafter "LP&L").  As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded.  Watkins, 7 F.3d at 457.

"Moreover, the court need not explicitly calculate the lodestar to make a reasonable award."  No Barriers, Inc., 262 F.3d at 500-01 (citing Von Clark v. Butler, 916 F.2d 255, 259 (5th Cir. 1990); Wegner, 129 F.3d at 822-23).

> The fee applicant . . . must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award.  But trial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

Fox v. Vice, 563 U.S. 826, 838 (2011); see also Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1187 (2017) (quoting Fox, 563 U.S. at 838) (Trial courts "'need not, and indeed should not, become green-eyeshade accountants' (or whatever the contemporary equivalent is).").  "If the district court has articulated and clearly applied the correct criteria, [the appeals court] will not require the trial court's findings to be so excruciatingly explicit in this area of minutiae that decisions of fee awards consume more paper than did the cases from which they arose."  In re High Sulfur Content Gas. Prods. Liab. Litig., 517 F.3d 220, 228-29 (5th Cir. 2008) (quotations and citations omitted).

III.   ANALYSIS

A.   Reasonable Hourly Rates

Plaintiff seeks fees for a total of 174.7 hours expended by four attorneys and a paralegal billing at different rates.  She requests hourly rates of $275 for the work of attorney Andrew Bizer, $150 for the work of attorney Garret DeReus, $125 for the work of attorneys Amanda Klevorn and Marc Florman and $75 for the work of a paralegal.

Bizer states in his affidavit that he has practiced law for 15 years.  Record Doc. No. 69-5 at p. 2, ¶ 8.  He is a frequent filer of precisely this kind of lawsuit in this court, typically on behalf of the same several plaintiffs.  DeReus, his partner, Klevorn, a former associate, and Florman, an associate, engage in the same kind of practice.  DeReus, Klevorn and Florman have practiced law for only five years.  Record Doc. Nos. 69-3 at p. 8, 69-6 at p. 2, ¶ 6 and 69-7 at p. 2, ¶ 7.  DeReus has been involved in more than 250 ADA cases while Florman has been involved in more than 100 ADA cases.  Record Doc. Nos. 69-6 at p. 2, ¶ 7 and 69-7 at p. 2, ¶ 8.

An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested.  LP&L, 50 F.3d at 329.  Less than two years ago, Bizer requested and was awarded an hourly rate of only $275 per hour by Judge Zainey of this court in one of Bizer's numerous other, substantially similar cases.  Yadi Mark v. Covington City et al., C.A. No. 15-5977"A"(4), Record Doc. No. 30 at pp. 3-4

(July 8, 2016). Judge Zainey concluded at that time that "an hourly rate of $275 is reasonable and in accordance with the prevailing market rates for an attorney with Mr. Bizer's experience, skill, and reputation." Id. at p. 4. In that same recent order, Judge Zainey also rejected the requested rate of $225 per hour for DeReus, finding it "out of sync with prevailing market rates for attorneys of [his] . . . experience[ ], skill, and reputation[ ]." Id. Instead, Judge Zainey found that hourly rates of $150 for DeReus and $75 for the firm's paralegal were reasonable and appropriate.

Like Judge Zainey, I find that hourly rates of $275 for Bizer, $150 for DeReus and $75 for their paralegal are reasonable and within prevailing market rates. In addition, I find that the hourly rate of $125 for Klevorn and Florman is reasonable and within prevailing market rates. See, e.g., Herbert v. Audubon Comm'n, No. 15-5425, 2017 WL 5900978, at *2 (E.D. La. Nov. 30, 2017) (using lodestar method for discovery sanction and awarding hourly rates of $275 for Bizer, $150 for DeReus, $125 for Klevorn and $75 for a paralegal); Mr. Mudbug, Inc. v. Bloomin' Brands, Inc., No. 15-5265, 2017 WL 736044, at *2 (E.D. La. Feb. 24, 2017), aff'd, 2017 WL 2274954 (E.D. La. May 25, 2017) (using lodestar method for discovery sanction and awarding hourly rates of $300, $240, $210 and $190 for attorneys with 17, 10, 4 and 1 years of experience, respectively); Warder v. Shaw Grp., Inc., No. 09-4191, 2016 WL 3447950, at *2-3 (E.D. La. June 23, 2016) (using lodestar for discovery sanction and awarding hourly rates of $325 for partner with 14 years of experience, $300 for associate who nonetheless had 20 years of experience in complex

commercial litigation and $130 for paralegal); <u>Banegas v. Calmar Corp.</u>, No. 15-593, 2016 WL 6276779, at *2 (E.D. La. Oct. 27, 2016) (awarding $250 per hour for Fair Labor Standards Act work to the same attorneys as in <u>Calix v. Ashton Marine LLC</u>, No. 14-2430, 2016 WL 4194119, at *5 (E.D. La. July 14, 2016), <u>report & recommendation adopted</u>, 2016 WL 4180977 (E.D. La. Aug. 8, 2016), in which this court awarded $200 per hour for attorneys who had practiced for 5 years, but had little experience litigating FLSA cases); <u>Hobson v. Abe Dev. LLC</u>, No. 15-1480, 2016 WL 4592170, at *2 (E.D. La. Sept. 2, 2016) (hourly rates of $250 and $275 in civil rights case to lawyers with "roughly ten years of experience"); <u>Gahagan v. U.S. Customs & Border Prot.</u>, No. 14-2619, 2016 WL 3090216, at *14 (E.D. La. June 2, 2016) ($200 per hour for attorney with 8 years of experience in immigration and Freedom of Information Act cases); <u>Loiacano v. DISA Global Solutions</u>, No. 14-1750, 2016 WL 2926679, at *2 (E.D. La. May 19, 2016) (denying requested hourly rates of $630 and $435 for partners and $347 for an associate, and awarding $350 for partners, $205 for associate and $150 for paralegal as discovery sanction); <u>Cacho v. Gusman</u>, No. 11-225-SS, 2014 WL 4854737, at *6 (E.D. La. Sept. 29, 2014) (in civil rights action, awarding hourly rates of $185 for attorney with 11 years of experience and $150 for attorneys in practice for 3 to 5 years).

B.    <u>Reasonable Hours</u>

Next, I must determine the reasonable number of hours that plaintiff's counsel expended on this litigation. I find that the attorneys' time is generally well documented.

For the reasons discussed below, however, I find that the time expended by plaintiff's attorneys must be divided into two distinct components and evaluated separately.

(1)    Time Incurred Until Entry of the Consent Decree

The first component of time incurred consists of the hours expended from the outset of the litigation through the court's approval of the consent decree on November 13, 2017. Record Doc. No. 68.  These are the hours spent on the substantive portion of the case, including client consultation, investigation, pleading, disclosures, settlement negotiations and settlement consummation.  This time is reflected in plaintiff's submissions at Record Doc. No. 69-4.

"The plaintiffs are charged with the burden of . . . proving that they exercised billing judgment." Walker, 99 F.3d at 770 (citation omitted).  Plaintiff's attorneys are required to exercise billing judgment by "writing off unproductive, excessive, or redundant hours." Green v. Admin'rs of Tulane Educ. Fund, 284 F.3d 642, 662 (5th Cir. 2002), abrogated in part on other grounds by Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 63-64 (2006); accord Walker, 99 F.3d at 770.

Plaintiff requests compensation for a total of 156.92 hours spent until the entry of the consent decree.  Included in that total are the following hours: Andrew Bizer, 52.58 hours; Garret DeReus, 12.42 hours; Marc Florman, 62.67 hours; Amanda Klevorn, 7.4 hours; and Paralegal, 21.85 hours.

Plaintiff's counsel's time and task reports establish that they exercised billing judgment as to a large portion of this initial substantive component of their work by writing off duplicative, inappropriate, unproductive and occasionally excessive time entries. However, a smaller portion of the submitted hours were vague, redundant or clerical in nature. As stated in a recent case in this court involving the same attorneys,

> [t]he high volume of litigation and ADA cases undertaken by Plaintiff's counsel . . . works as a proverbial double-edged sword in the analysis of reasonable hours expended in this case. . . . Plaintiff counsel's voluminous accrual of ADA filings[] in this District alone calls for a reduction in many of the hours counsel submitted as 'reasonably expended' in this matter. In particular, much of Andrew Bizer's itemized involvement is either duplicative or unnecessary. Much of the review performed by Bizer is quite longer than reasonably expected considering the basic nature of and his familiarity with ADA cases. This case exhibited a fairly straightforward litigation process. Most of Plaintiff counsels' work consisted of drafting the original complaint and early pleadings, supervision and review of experts' reports, and settlement negotiations.

Herbert, 2017 WL 5900978, at * 3.

Moreover, as I and other judges in this court have repeatedly held, to the extent that the attorney-client privilege may arguably protect some portions of invoices, the privilege is waived by seeking reimbursement for attorney's fees. Hunter v. Copeland, No. 03-2548, 2004 WL 1161368, at *5 (E.D. La. May 24, 2004) (citing Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 127 (9th Cir. 1992); Leach v. Quality Health Serv., 162 F.R.D. 499 (E.D. Pa. 1995); United States v. Keystone Sanitation Co., 885 F. Supp. 672, 675 (M.D. Pa. 1994)); Monroe's Estate v. Bottle Rock Power Corp., No. 03-2682, 2004 WL 737463, at *11 n. 31 (E.D. La. Apr. 2, 2004), aff'd, 2005 WL 119883 (E.D. La. Jan. 19, 2005); S.

Scrap Mat'l Co. v. Fleming, No. 01-2554, 2003 WL 21474516, at *13 n. 40 (E.D. La. June 18, 2003); In re Central Gulf Lines, Inc., No. 97-3829, 2001 WL 30675, at *2 (E.D. La. Jan. 11, 2001); Tonti Props. v. Sherwin-Williams Co., No. 99-892, 2000 WL 506015, at *2 (E.D. La. Apr. 27, 2000).

Because plaintiff's request for attorney's fees necessarily requires plaintiff to place the reasonableness of her attorneys' work at issue, she has waived her privilege, if any, as to these invoices under the "at issue" waiver doctrine. Dixie Mill Supply Co. v. Continental Cas. Co., 168 F.R.D. 554, 555-56 (E.D. La. 1996) (quoting Smith v. Kavanaugh, Pierson & Talley, 513 So.2d 1138, 1145 (La. 1987)) (emphasis added); accord Trestman v. Axis Surplus Ins. Co., No. 06–11400, 2008 WL 1930540, at *3–4 (E.D. La. Apr. 29, 2008) (citing Dixie Mill, 168 F.R.D. at 556; Smith, 513 So.2d at 1145; Merhige v. Gubbles, 657 So.2d 1098, 1101 (La. App. 4th Cir. 2005); Stumpf v. Stumpf, 613 So.2d 683, 685 (La. App. 5th Cir.1993)); Williams Land Co., LLC v. BellSouth Telecomms., Inc., No. 02–1628, 2005 WL 940564, at *2 (E.D. La. Apr.14, 2005). The subject matter redactions for calls and meetings between plaintiff and her attorneys – labeled "Call w/client re: REDACTED" or "meeting w/client re: REDACTED" – preclude the court from making any meaningful review of those entries. This is particularly so in a situation like this one, in which this lead lawyer represents this plaintiff frequently in precisely the same kind of case, as detailed below.

"'The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. Alternatively, th[e] Court can conduct a line-by-line analysis of the time report.'" Herbert v. New Orleans City, 2017 WL 3216583, at *7 (E.D. La. July 28, 2017) (quoting Creecy v. Metropolitan Property and Casualty Ins. Co., 548 F. Supp. 2d 279, 285-86 (E.D. La. 2008)). In this case, the Court will apply an overall percentage reduction of 20% in addition to those reductions already made by plaintiff's counsel.

After these reductions in the exercise of billing judgment are applied to the aforementioned reasonable rates, the following amount will be awarded in attorney's fees for plaintiff counsel's work until the consent decree:

| | | |
|---|---|---|
| Andrew Bizer | 52.58 | $275 per hour = $14,459.50 |
| Garret DeReus | 12.42 | $150 per hour = $1,863.00 |
| Marc Florman | 62.67 | $125 per hour = $7,833.75 |
| Amanda Klevorn | 7.4 | $125 per hour = $925 |
| Paralegal | 21.85 | $75 per hour = $1,638.75 |
------------------------------------------------------------------------
| Total | | = $26,720.00 |
| Reduced by 20% | | = $21,376.00 |

### (2)    Time Incurred on Motion for Attorney's Fees

The second aspect of plaintiff counsel's request – 17.13 hours spent researching and preparing the motion for an attorney's fees award – is in large part reasonable and warranted by the evidence, especially given plaintiff counsel's exercise of billing judgment. The total time spent by plaintiff's counsel in litigating their fee request, reflected at Record Doc. No. 69-4 at pp. 36-39, is 20.69 hours, which includes 0.92 hours expended by Bizer

reviewing the motion papers. Substantial reduction of a fee request is merited when the application reflects lack of billing judgment, excessiveness and absence of productive effort. Here, plaintiff's counsel has already struck or reduced 3.56 hours of the 20.69 spent communicating about, researching and drafting the motion for attorney's fees and costs.

In this case, with these lawyers who frequently prosecute exactly this kind of case in this court in substantially the same way, preparation of a motion for attorney's fees should have been a straightforward matter based upon the same kinds of papers they have filed in other cases, beginning with a paralegal simply retrieving contemporaneously maintained time and task records and ending with a supervising lawyer's review of those records, exercise of billing judgment as to what they reflect and preparation of motion papers appropriate to the particular dispute. Certainly, preparation of affidavits by the lawyers working on a particular file is necessary, but that kind of preparation should not be time-consuming for lawyers like these who frequently prepare the same thing over and over again in precisely this kind of case.

Awardable rates for the lawyers of plaintiff's counsel's firm in this case have been the frequent subject of evaluation by this court. As noted above, Judge Zainey made a full evaluation of both the reasonable hourly rates these very lawyers can expect to receive and the kinds of time entries they make on precisely these kinds of cases, all less than two years ago. See also Tasha Herbert v. New Orleans City, C.A. No. 16-2870, Record Doc. Nos. 27-36. Under these circumstances, further legal research, discussion of such issues and file

review, as reflected in the time records of plaintiff's counsel before they began drafting these motion submissions, were wholly unnecessary. All of that time will be deducted.

I find that actual use of such extensive, previously prepared materials by a lawyer of Bizer's experience, who has often filed the same kinds of submissions in other cases, should have made reasonable accomplishment of this simple task doable by the lower billing, junior attorney in no more than three hours, with Bizer expending one hour in supervision and final review. Bizer spent a reasonable 0.92 hours reviewing the drafted motion, but the additional 14.36 hours spent by junior attorney Florman and the 1.85 hours spent by a paralegal on this motion should be reduced to three (3) hours and one (1) hour respectively.

Considering the foregoing conclusions, I find that the only time reasonably incurred by plaintiff's counsel in connection with the second, non-substantive component of their litigation of their motion for an award of attorney's fees consists of one (1) hour of paralegal time to assemble and organize the time and task records and affidavits needed for attorney review and attachment as exhibits to the motion; three (3) hours of time by Florman to draft and assemble the motion papers; and 0.92 hours of time by Bizer to review and finalize the motion papers.

After these reductions are applied to the aforementioned reasonable rates, the following amount will be awarded in attorney's fees for plaintiff counsel's work on

plaintiff's motion for attorney's fees, costs and other litigation expenses after entry of the consent decree:

| Billing Professional | Time for Fee/Costs Motion | Hourly Rate | Total for Fees: Time (x) Rate |
|---|---|---|---|
| A. Bizer | 0.92 | $275 | $253 |
| M. Florman | 3.00 | $125 | $375 |
| Paralegal | 1.00 | $75 | $75 |
| | | Total: | $703.00 |

> (3)  Summary

Based on the foregoing findings, I conclude that when the total attorney's fees set out above are added together, the two numbers yield the following awardable amount:

| | |
|---|---|
| Total for Fees Incurred Until Entry of the Consent Decree: | $21,376.00 |
| Total for Motion-related Fees: | $703.00 |
| Total Lodestar: | $22,079.00 |

After eliminating the other Johnson factors that are subsumed in the lodestar or prohibited from consideration, only four factors remain: the customary fee, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. None require adjustment of the lodestar. The customary fees have already been evaluated and accepted above in establishing reasonable hourly rates. This plaintiff has been represented by this lawyer in this kind of case on several occasions in this court. See Mark v. Pontchartrain Square Northshore, LLC, C.A. No. 16-493"H"(5), Record Doc. No. 35 (August 25, 2017) (dismissing case with prejudice

after parties settled); <u>Mark v. City of New Orleans, et al.</u>, No. 15-7103, 2017 WL 2364228, at *1 (E.D. La. May 30, 2017) (awarding plaintiff $32,104.65 in attorney's fees and $6,829.36 in costs); <u>Mark v. Covington City et al.</u>, C.A. No. 15-5977"A"(4), Record Doc. No. 30 at pp. 3-4 (July 8, 2016) (finding rates of $275 per hour for Bizer and $150 per hour for DeReus and $75 per hour for the firm's paralegal were reasonable and in accordance with the prevailing market rate); <u>Mark v. Katz et al.</u>, C.A. No. 16-16688"E"(1), Record Doc. No. 6 (March 8, 2017) (dismissing case with prejudice after parties settled). The case was not undesirable. Awards in similar cases have already been taken into account above in establishing the hourly rates. Accordingly, I find that attorney's fees in the amount of $22,079.00 are reasonable and awardable.

C.    <u>Costs</u>

Under the ADA, the court, in its discretion may allow the prevailing party to recover costs and reasonable litigation expenses. 42 U.S.C. § 12205. In addition, 28 U.S.C. § 1920 provides that a court may tax the following costs:

> [F]ees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification or copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services.

<u>Herbert</u>, 2017 WL 5900978, at * 3-4 (citing <u>Mota v. Univ. of Tex. Houston Health Sci. Ctr.</u>, 261 F.3d 512, 529 (5th Cir. 2001)). Unlike Section 1920, which limits recovery to the fees of "court appointed experts," the ADA's reasonable "litigation expenses" include the

fees of privately retained experts.  See <u>Gilmore v. Elmwood South, L.L.C.</u>, 2015 WL 1245770, at *7 (E.D. La. Mar. 18, 2015) (allowing recovery of fees associated with privately-retained expert Nicholas Heybeck) (citing 28 C.F.R. Pt. 35, App. A ("Litigation expenses include the costs of expert witnesses.")); <u>Hansen v. Deercreek Plaza, L.L.C.</u>, 420 F.Supp.2d 1346, 1353 (S.D. Fla. 2006) ("§ 12205 provides direct authority for the award of expert fees").

Plaintiff seeks $4,935.23 for the following costs and expenses incurred throughout this litigation:

| | |
|---|---|
| Filing Fee: | $400.00 |
| Service on Sunshine Plaza, Inc.: | $75.00 |
| Certified Mailing to LA Fire Marshal: | $6.95 |
| Certified Mailing to St. Tammany Parish: | $6.95 |
| Travel for First Heybeck Inspection: | $244.48 |
| Heybeck Initial Expert Witness Report: | $1,000.00 |
| Travel for Second Heybeck Inspection: | $261.94 |
| Heybeck Second Inspection and Rebuttal Report: | $1,500.00 |
| Maffey Expert Witness Report: | $900.00 |
| Printing Final Heybeck Report/Table Exhibit: | $83.89 |
| Plaintiff's Deposition Transcript: | $456.02 |
| ----------------------------------------------------------------------- | |
| Total: | $4,935.23 |

Mark has attached invoices to her motion for attorney's fees, costs and other litigation expenses to prove these costs.  Record Doc. Nos. 69-8 through 69-10 and 69-19 through 69-24.

Defendant contests plaintiff's $75.00 service payment and argues that plaintiff should have availed herself of Fed. R. Civ. P. 4(d)'s waiver of service option.  Record Doc.

No. 71 at p. 22.  However, Rule 4(d) states that <u>a defendant</u> who is "subject [to service] under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.  The plaintiff <u>may</u> notify [the] defendant that an action has been commenced and request that the defendant waive service of a summons." (emphasis added).  Rule 4(d) places a duty on defendant but uses the permissive may and not the mandatory must with regards to plaintiff.  Thus, plaintiff may recover the $75.00 service payment.[1]

Defendants also assert that "there is absolutely no suggestion in the documentary submissions by plaintiff that either the Heybeck or Maffey expert fees are reasonable for the work performed, considering the market rates in the Eastern District of Louisiana" given the fact that Heybeck is from Houston, Texas, and Maffey is from Falls Church, Virginia.  Record Doc. No.71 at p. 22.  Magistrate Judge Knowles of this court has stated that

> Heybeck ([plaintiff's] expert), a licensed engineer and accessibility specialist with years of experience reviewing properties for ADA compliance, confirmed over 100 ADA violations at the Property.  His report addressed each ADA violation in detail, cited the exact violated provision of the ADA,

---

[1]I note that the ADA, unfortunately, has no current provision requiring a notice and cure period before a plaintiff may commence a private civil action. This statutory shortcoming may shortly be remedied by Congress in a way that may control the expenditure of fees and costs related to this kind of litigation.  <u>See</u> H.R. 620, 115 Cong. (2017) (providing for a 60-day notice and cure period after an aggrieved person provides the owner or operator of the subject accommodation with "written notice specific enough to allow such owner or operator to identify the barrier"); 164 Cong. Rec. E266-01 (Mar. 6, 2018) (statement of Sen. Smith) ("H.R. 620 requires the Department of Justice to develop a program to educate state and local governments and property owners on strategies for providing improved access to public accommodations for persons with disabilities.  The legislation also gives owners and operators of public accommodations, after receiving written notice of ADA violations, an opportunity to address those violations before being sued.").

> contained precise measurements showing noncompliance, and provided over
> 500 supporting photographs.

Gilmore v. Elmwood South, L.L.C., No. 13-37, 2015 WL 1245770, at * 7 (E.D. La. Mar.

18, 2015) (citation omitted). In Gilmore, the Court found that plaintiff's retention of

Heybeck was not unreasonable and that plaintiff was entitled to $311.65 for expert travel

costs and $5,010.00 in expert fees. Id. In a more recent case, plaintiff recovered a total of

$4,510.83 in costs, including the following: a $400 filing fee; a $225 services fee; $2,500

for Heybeck's Report; $85.83 for Heybeck's Expenses; and $1,300 for Maffey's Report.

Herbert, 2017 WL 5900978, at *4.

In light of the aforementioned recent decisions emanating from this court, involving

the same two experts and substantially similar costs, I find that the above costs are

recoverable and will be awarded. Review of the documents attached to plaintiff's motion

reveals that Heybeck produced a 19-page expert report, Record Doc. No. 69-10, and a

detailed 125-page "violations table" with pictures and descriptions of each ADA violation.

Record Doc. No. 69-11. Maffey produced an expert report concerning defendant's

financial status. Record Doc. No. 69-9 at p. 2, ¶ 4. See Herbert, 2017 WL 5900978, at *4

(finding that while $1,300.00 for Maffey's 6.5 hours of work "borders the precipice, it is

not unreasonable on the present record").

<u>CONCLUSION</u>

For the foregoing reasons, IT IS RECOMMENDED that defendant, Sunshine Plaza, Inc., be ordered to pay to plaintiff, Yadi Mark, $27,014.23 in reasonable attorney's fees and costs, all as reflected above.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ___12th___ day of March, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.