UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YADI MARK,<br>  Plaintiff | CIVIL ACTION |
| VERSUS | NO. 16-455 |
| SUNSHINE PLAZA, INC.<br>  Defendant | SECTION: "E" (2) |

## ORDER AND REASONS

Following the Court's entry of a consent decree in this matter,[1] Plaintiff Yadi Mark filed a Motion for Attorney's Fees, Costs, and Other Litigation Expenses.[2] The motion is opposed.[3] On February 6, 2018, the Court granted Plaintiff's motion, but referred to Magistrate Judge Joseph C. Wilkinson, Jr., the determination of the amount of fees and costs to which Plaintiff is entitled.[4] Magistrate Judge Wilkinson issued his Finding and Recommendations on March 12, 2018.[5] Defendant timely filed objections to the Finding and Recommendations,[6] to which Plaintiff responded.[7] Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the Court now conducts a de novo review of the issues to which Defendant specifically objects.[8]

## BACKGROUND

Plaintiff Yadi Mark filed a complaint against Defendant Sunshine Plaza, Inc., alleging violations of the building accommodations requirements of the Americans with

---

[1] R. Doc. 68.
[2] R. Doc. 69.
[3] R. Doc. 71.
[4] R. Doc. 72.
[5] R. Doc. 73.
[6] R. Doc. 74.
[7] R. Doc. 75.
[8] FED. R. CIV. P. 72(b).

Disabilities Act ("ADA").[9] Specifically, Plaintiff alleged that physical barriers to access existed at the Sunshine Plaza shopping center in Mandeville, Louisiana, including access ramps that lacked edge protection or handrails, and accessible-designated parking spaces that lacked required access aisles, curb cuts, or vertical signage.[10] Plaintiff's substantive claims were resolved when the Court entered a consent decree to which the parties agreed.[11] The consent decree provides in relevant part that "Plaintiff is the prevailing party to this Lawsuit as defined under the [ADA]."[12]

Plaintiff subsequently filed a Motion for Attorney Fees, Costs, and Other Litigation Expenses.[13] Plaintiff initially sought $28,996.75 in attorneys' fees and $4,935.23 in costs.[14] Defendant timely filed an opposition to the motion.[15] Although Defendant concedes that Plaintiff is the prevailing party and is thus entitled to an award of reasonable attorney's fees, Defendant contends "the fees and costs sought in this motion are far out of proportion to the relief obtained by plaintiff and are emblematic of the distortion of the original purposes of the [ADA]."[16]

The Court granted Plaintiff's motion, referring the determination of the amount of recoverable fees and costs to the Magistrate Judge assigned to this matter.[17] In his Finding and Recommendations Magistrate Judge Wilkinson applied the familiar two-step "lodestar" method:

> First the court calculates the "lodestar", which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is

---

[9] R. Doc. 1. 42 U.S.C. § 12181 (2012).
[10] R. Doc. 1 at 3-4.
[11] R. Doc. 68.
[12] R. Doc. 67-2 at 6.
[13] R. Doc. 69.
[14] R. Doc. 69-3 at 1.
[15] R. Doc. 71.
[16] R. Doc. 71 at 1.
[17] R. Doc. 72.

excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[18]

Magistrate Judge Wilkinson found that the requested hourly rates for Plaintiff's four attorneys were reasonable based on prevailing local market rates, based in part on the hourly rates awarded to the same attorneys by Judge Zainey in another recent case in this district.[19] Defendant concedes that these hourly rates are reasonable.[20]

At the next step in the lodestar analysis, Magistrate Judge Wilkinson determined that while the attorneys' billed time, as established in the invoices attached to Plaintiff's motion,[21] was generally well-documented, there were "submitted hours [which] where vague, redundant or clerical in nature."[22] Magistrate Judge Wilkinson noted that Plaintiff's counsel undertakes a great number of ADA cases in this district, and, as a result, "much of [counsel's] itemized involvement is either duplicative or unnecessary."[23] Further, "[m]uch of the review performed by [Plaintiff's counsel] is quite longer than reasonably expected considering the basic nature of and his familiarity with ADA cases."[24]

Magistrate Judge Wilkinson also challenged the entries that Plaintiff's counsel redacted as protected by attorney-client privilege. As Magistrate Judge Wilkinson correctly noted, attorney-client privilege is waived by seeking reimbursement for attorneys' fees, because Plaintiff's request "necessarily requires plaintiff to place the

---

[18] R. Doc. 73 (quoting *Jimenez v. Wood County*, 621 F.3d 372, 379-80 (5th Cir. 2010)).
[19] *Id.* at 8-9 (discussing the rates awarded in *Mark v. Covington City et al.,* No. 15-5977, Record Doc. 30 at 3).
[20] R. Doc. 71 at 4.
[21] R. Doc. 69-4.
[22] R. Doc. 73 at 12.
[23] R. Doc. 73 at 12 (quoting *Herbert v. New Orleans City*, 2017 3216583 (E.D. La. 2017) (North, M. J.)).
[24] *Id.*

3

reasonableness of her attorneys' work at issue." [25] As a result, Magistrate Judge Wilkinson found that the redactions for billed hours for calls and meetings between plaintiff and her attorneys (e.g. "Call w/client re: REDACTED" or "meeting w/client re: REDACTED") precluded any meaningful review of these entries. [26]

To remedy these deficiencies, Magistrate Judge Wilkinson applied an overall percentage reduction of 20% of Plaintiff's billed hours, in addition to the reductions already made by Plaintiff's counsel.[27] Judge Wilkinson separately considered the hours expended after the adoption of the consent decree—that is, hours spent on the motion for attorneys' fees—and reduced the reasonably expended hours from 20.69 hours to 4 hours.[28] These reductions resulted in a total award of attorneys' fees in the amount of $22,079.00.[29] Judge Wilkinson also determined that Plaintiff was entitled to recover $4,935.23 in costs.[30]

Defendant timely objected to Magistrate Judge Wilkinson's finding and recommendations.[31] Specifically, Defendant asserts that the Magistrate Judge did not fully reduce the fees allegedly associated with clerical entries by attorneys, vague or incomplete entries, and excessive entries.[32] Defendant contends Magistrate Judge Wilkinson erred in applying an across-the-board 20% reduction, arguing that this reduction "does not adequately reduce the fees sought to address the inappropriately

---

[25] R. Doc. 73 at 13 (citing *Dixie Mill Supply Co. v. Continental Cas. Co.*, 168 F.R.D. 554, 555-56 (E.D. La. 1996) (quoting *Smith v. Kavanaugh, Person & Talley*, 513 So.2d 1138, 1145 (La. 1987).
[26] *Id.*
[27] R. Doc. 73 at 14.
[28] R. Doc. 73 at 16.
[29] *Id.* at 18.
[30] *Id.* at 19-21.
[31] R. Doc. 73.
[32] R. Doc. 74-2.

4

incurred hours."[33] Instead, Defendant asserts that a line-by-line analysis of the fee application is necessary.[34]

Defendant also argues Magistrate Judge Wilkinson erred in not reducing the fees pursuant to *Johnson* to reflect "the lack of novelty and difficulty of the questions," "the amount involved and the results obtained" and "awards in similar cases."[35] In particular, Defendant argues that the award of attorneys' fees is disproportionate to the remedy obtained by Plaintiff, as Defendant contends it was able to remedy the alleged ADA violations at a cost of only $980.00.[36]

Finally, Defendant objects to Plaintiff's $3,006.42 award in connection with expert fees paid to Nicholas Heybeck.[37] Defendant argues multiple inspections of the property at issue were not reasonable under the circumstances, and the Court should not require it to pay for those inspections.[38]

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[39] After conducting a de novo review, the Court "may accept, reject, or modify the recommended disposition."[40]

## **LAW AND ANALYSIS**

The ADA was enacted to ensure no person would be discriminated against on the basis of his or her disability.[41] In order to assure the availability and willingness of lawyers

---

[33] *Id.* at 6.
[34] *Id.*
[35] R. Doc. 74-2 at 2 (discussing the *Johnson* factors)
[36] R. Doc. 74-2 at 7.
[37] *Id.*
[38] *Id.*
[39] FED. R. CIV. P. 72(b)(3).
[40] *Id.*
[41] 42 U.S.C. § 12181 *et seq.* (2012).

5

to prosecute violations of the ADA, the statute allows for courts to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs."[42] The consent decree entered in this matter makes clear that Plaintiff is the prevailing party.[43] As a result, she is entitled to reasonable attorneys' fees and costs.

As noted above, determination of reasonable attorneys' fees involves calculating the lodestar.[44] In this process, the Court first determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiplies the determined hours by the determined rate.[45] The Court may then adjust the lodestar based on the twelve factors established in *Johnson v. Georgia Highway Express*:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the proceedings; and (12) awards in similar cases.[46]

To the extent that any of these factors is subsumed in the lodestar, however, they should not be reconsidered when determining whether an adjustment is appropriate.[47] Such reconsideration constitutes impermissible double-counting.[48]

---

[42] 42 U.S.C. § 12205 (2012).
[43] R. Doc. 67-2. *See also Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) ("[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.").
[44] *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).
[45] *Id.*
[46] *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).
[47] *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).
[48] *See Shipes v. Trinity Industries*, 987 F.2d 311, 319-20 (5th Cir. 1993).

The burden of proving the reasonableness of the hours expended is on the fee applicant.[49] Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards.[50] When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended.[51]

Defendant makes three specific objections to the Magistrate Judge's Finding and Recommendations: (1) the court erred in applying a 20% reduction of Plaintiff's counsel's hours, rather than conducting a line-by-line analysis; (2) the court failed to properly reduce hours based on three *Johnson* factors; and (3) Plaintiff's expert fees were not reasonable. The Court will address each in turn.

**A.     Twenty Percent Reduction**

Magistrate Judge Wilkinson, finding that Plaintiff's counsel failed to exercise "billing judgment" with respect to certain entries in the submitted invoices, reduced the hours recoverable by Plaintiff's counsel by 20%. Defendant objects, arguing that "the rote nature of the litigation calls for a reduction in the fees, either through a line by line analysis . . . or by a larger than twenty (20%) percent reduction."

The Fifth Circuit has held that "the proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[52] In the alternative, the court can conduct a line-by-line analysis.[53] In this case, Magistrate Judge Wilkinson declined to conduct such a

---

[49] *Mota v. Univ. of Tex. Houston Health Sc. Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001).
[50] *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).
[51] *See Miller v. Braud*, 2013 WL 6666832 at *6 (E.D. La. 2013).
[52] *Walker*, 99 F.3d at 770.
[53] *Creecy v. Metropolitan Property and Cas. Ins. Co.*, 548 F.Supp. 2d 279, 286 (citing *Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

7

review.[54] Defendant cites no legal authority for the proposition that Magistrate Judge Wilkinson was required to conduct a line-by-line analysis in this case. Rather, Defendant asserts only that the 20% reduction does not sufficiently reflect the hours it believes are vague, redundant, or clerical in nature. For example, Defendant asserts the 20% reduction of lead counsel Andrew Bizer's hours "nearly equals" the number of hours in which the entry was redacted to protect attorney/client privilege, leaving unaddressed any additional entries that were vague or duplicative.[55]

Defendant misinterprets the Magistrate Judge's determination. Although the 20% reduction of Bizer's hours, in practical terms, roughly covers the hours spent in redacted conversations with the client, the Magistrate Judge reduced by 20% the hours billed by *all* Plaintiff's attorneys, not only the hours billed by Bizer. Accordingly, the 20% reduction does not result merely in a reduction of 9.47 hours, but rather a total reduction of 31.38 hours.

Bearing in mind the Supreme Court's guidance trial courts "need not, and indeed should not, become green-eyeshade accountants,"[56] the Court finds that Defendant has failed to explain why a reduction of greater than 20% is warranted, and that the Magistrate Judge correctly determined that the 20% across-the-board reduction adequately takes into account the entries which may be vague, redundant, or clerical in nature.

### B. *Johnson* Factors

Defendant argues the award of fees should be reduced based on the "awards in similar cases," "the novelty and difficulty of the questions," and "the amount involved and

---

[54] R. Doc. 73 at 14.
[55] R. Doc. 74-2 at 6.
[56] *Fox v. Vice*, 563 U.S. 826, 838 (2011).

the results obtained." According to Defendant, "given the lack of novelty/difficulties of the issues involved in this matter, and the relatively small success that plaintiff achieved, the Court should substantially reduce the attorney's fees awarded."[57]

First, as noted by Magistrate Judge Wilkinson, "the complexity of the issues" and "the results obtained" are "presumably reflected and subsumed in the lodestar amount."[58] In this case, Magistrate Judge Wilkinson's recommended 20% reduction takes into account the issues presented in Defendant's "complexity of the issues" argument, and so a further reduction would constitute double recovery. As to the "results obtained," Defendants has not explained why this case presents the "rare and exceptional circumstances" in which the lodestar should be adjusted based on this factor.[59]

Second, with regard to "awards in similar cases," Plaintiff correctly notes that Magistrate Judge Wilkinson referenced similar cases throughout his Finding and Recommendation. For example, the hourly rates in this case were justified in large part by Judge Zainey's opinion in *Mark v. Covington City et al*.[60] Further, in determining what percentage reduction would be appropriate, Magistrate Judge Wilkinson relied on *Herbert v. New Orleans City*.[61] That case involved the same attorneys at issue in this case, and, as in this matter, the Magistrate Judge determined that the lodestar should be reduced to account for the serial nature of plaintiff's counsel's litigation strategy, but that no adjustment pursuant to Johnson was appropriate.[62] The Court also notes that in *Herbert*, the court applied a 15% reduction, significantly less than that recommended by

---

[57] R. Doc. 74-2 at 7.
[58] R. Doc. 73 at 6 (citing *Heidtman v. City of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)).
[59] *Heidtman*, 171 F.3d at 1043.
[60] R. Doc. 73 at 9-10 (listing relevant cases).
[61] 2017 WL 3216583 (E.D. La. 2017).
[62] *Id*. at *7, *10.

9

Magistrate Judge Wilkinson in this case. Accordingly, the Court finds that a reduction pursuant to the twelfth *Johnson* factor, "awards in similar cases," is inappropriate.

## C. Expert Costs

Defendant objects to the award of $3,006.24 in connection with expert fees paid to Nicholas Haybeck, on the grounds that the costs of the multiple inspections conducted by Mr. Heybeck were not reasonable.[63] Defendant asserts that "there is absolutely no suggestion in the documentary submissions by plaintiff that either the Heybeck or Maffey expert fees are reasonable for the work performed, considering the market rates in the Eastern District of Louisiana."[64]

In his Finding and Recommendation, Magistrate Judge Wilkinson analyzed the recent case *Gilmore v. Elmwood South, LLC*, in which Magistrate Judge Knowles found that the plaintiff's retention of Mr. Heybeck was not unreasonable, and that plaintiff was entitled to recover costs for travel and expert fees. Accordingly, Magistrate Judge Wilkinson found that the costs in this case, which are substantially similar to those upheld in *Gilmore*, were reasonable. The Court sees no reason to depart from the Magistrate Judge's determination, and finds that Plaintiff is entitled to recover costs for expert fees.

## CONCLUSION

The Court, having considered the parties' filings, the applicable law, and the Magistrate Judge's Finding and Recommendations, finds the Magistrate Judge's findings of facts and conclusions of law are correct, and hereby approves and adopts the Finding and Recommendations as its own.

Accordingly;

---

[63] R. Doc. 74-2 at 7.
[64] R. Doc. 71 at 22.

10

**IT IS ORDERED** that the Defendant, Sunshine Plaza, Inc., pay to the Plaintiff, Yadi Mark, $27,014.23 in reasonable attorneys' fees and costs.

**New Orleans, Louisiana, this 26th day of April, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**